FILED
 2008 Jun-18  PM 12:54
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RAYNARD F. DAVIS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:06-CV-4915-RDP |
| **MICHAEL J. ASTRUE, Commissioner of Social Security,** | } |
| **Defendant.** | } |

## MEMORANDUM OF DECISION

Raynard F. Davis[1] brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), and seeks judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner")[2] denying his application for Social Security Supplemental Income ("SSI") benefits and Social Security Disability Insurance Benefits ("SSDI") under Title XVI of the Social Security Act ("the Act").  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed because it is supported by substantial evidence and the proper legal standards were applied.

---

[1] Plaintiff is also known as Eddie Lewis Patton.  (Tr. 11).  Plaintiff changed his name out of fear of retribution from a prior incarceration.  (Tr. 435, 558).

[2] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. 42 § 405(g).

## I. Proceedings Below

Plaintiff filed his application for SSI benefits on April 30, 2004. Plaintiff also filed an application for SSDI benefits on April 21, 2004. (Tr. 38-41, 536-39). Plaintiff alleges a disability onset date of October 1, 1985.[3] (Tr. 536). Plaintiff's application was denied initially and also upon reconsideration. (Tr. 9-23). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). (Tr. 27-33). The Honorable David L. Stephens heard Plaintiff's cause on Wednesday, June 28, 2006, in Anniston, Alabama. (Tr. 27, 33). In the decision dated August 14, 2006, the ALJ determined that Plaintiff was not eligible for SSI and SSDI benefits because he failed to meet the disability requirements of the Social Security Act and retained the residual functional capacity ("RFC") to perform basic work-related activities for at least twelve consecutive months. (Tr. 13-14). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision on October 24, 2006 (Tr. 3-8), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's review.

At the time of the hearing in question, Plaintiff was thirty-nine years old and had received a high school education. (Tr. 39, 555). Plaintiff previously worked in several labor type jobs, including periods as a dishwasher and a saw mill operator. (Tr. 573). Plaintiff alleges that he suffers from an human immunodeficiency virus (HIV) infection, high blood pressure, sleep disorder, post-traumatic stress disorder, and depression. (Tr. 14, 72). According to Plaintiff, these problems have

---

[3] Plaintiff also had a prior period of disability from September 16, 1985 through June 2003 based on the decision of ALJ Samuel Montgomery dated September 22, 1987. (Tr. 11, 38, 42-45). ALJ Stephens determined that this period had already been adjudicated and deemed the relevant time period to begin on July 1, 2003. (Tr. 11).

rendered him unable to engage in substantial gainful activity since 2004. (Tr. 557). Plaintiff was last insured for disability insurance benefits on June 30, 2005. (Tr. 11, 13, 42).

Plaintiff complains that he is disabled due to his HIV infection, high blood pressure, sleep disorder, post-traumatic stress disorder, and depression. His medical records show that he is frequently under the long term care of a psychiatrist and a therapist, Dr. Glenn O. Archibald and Dr. Bobby Malone, respectively. Both are available to Plaintiff at the Health Services Center in Hobson City, Alabama. The doctors prescribe Plaintiff multiple psychotropic drugs including Zyprexa, Effexor, and Klonopin. (Tr. 408-35). Plaintiff's medical record with both doctors is stable overall. During many sessions Plaintiff denied having any psychiatric problems, depression, or suicidal feelings. Dr. Archibald frequently described Plaintiff's behavior and cognitive functioning as normal, and overall gave Plaintiff a positive report. (Tr. 228-63, 408-36). Plaintiff's medical record shows isolated periods of depression, anxiety, hallucinations, and paranoid ideas. (Tr. 252, 258, 436). Prior to October 2004, while incarcerated, Plaintiff reports that a corrections officer sexually abused him, and this event caused him severe mental and emotional complications. (Tr. 432). He also claims that while in jail corrections officers forced cocaine into his system and this affected his mental state. (Tr. 559). Plaintiff claims these incidents led to his feelings of aggression, isolation, loss of appetite, loss of sleep, and dizziness. (Tr. 561-63).

## II. ALJ Decision

Determination of disability under the Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq.* First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether claimant's impairment meets

or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's RFC can meet the physical and mental demands of past work. The claimant's RFC is what the claimant can do despite his impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making this final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and RFC are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

Since Plaintiff's earnings as a dishwasher in 2004 do not exceed the threshold for substantial gainful activity, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2003. (Tr. 13). Plaintiff met the disability insured status requirements of the Act through June 30, 2005. (Tr. 13). Based on the medical evidence presented the ALJ concluded that Plaintiff does have an HIV infection, high blood pressure, post-traumatic stress disorder, and depressive disorder. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that have significantly limited (or are expected to limit) the ability to perform basic work-related

activities for twelve consecutive months. Therefore, the ALJ concluded Plaintiff does not have a severe impairment as defined by the Act. (Tr. 14).

According to the ALJ, Plaintiff's subjective complaints concerning his impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record and Plaintiff's own statements. (Tr. 14). After consideration of all the medical evidence, including Plaintiff's subjective complaints, the ALJ found that Plaintiff retains the RFC to perform the exertional demands of basic work-related activities. (Tr. 14). While the ALJ found that the impairments ailing Plaintiff could give rise to the symptoms that Plaintiff described, the ALJ did not find the description of the "intensity, persistence, and limiting effects of these symptoms" to be credible. (Tr. 15). The ALJ based his decision on the fact that Plaintiff's HIV infection is stable and under control with the use of medicine that he takes regularly. Also, at present Plaintiff's mental state is appropriately treated by a psychiatrist with medication and therapy. The ALJ noted that Plaintiff reported to Dr. Malone that he wanted to work and subsequently received encouragement to do so. (Tr. 409). Overall, the ALJ found Plaintiff's condition stable, both mentally and physically, and found that no consecutive period of twelve months with severe impairments existed. (Tr. 15). Thus, the ALJ ruled that Plaintiff is not disabled as the Social Security Act defines that term and that Plaintiff, therefore, is not entitled to a period of benefits. *See* (Tr. 15), 20 C.F.R. §404.1520(b).

### III. Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. (*See* Pl.'s Mem. 7). Plaintiff argues that substantial evidence

does not support the ALJ's decision, and that it is inconsistent with applicable law because the ALJ failed to give substantial weight to Plaintiff's long record with his treating doctors from whom he sought and received consistent treatment for his mental impairment. (*See* Pl.'s Mem. 5). Specifically, Plaintiff argues that in making his decision, the ALJ did not have the benefit of reviewing the opinion of Dr. Archibald, Plaintiff's treating physician since 2003. (*See* Pl.'s Mem. 6). Plaintiff asserts that Dr. Archibald completed a Residual Functional Capacity Evaluation of Plaintiff on July 18, 2006, after the hearing with the ALJ, and then Plaintiff submitted it to the Appeals Council. (*See* Pl.'s Mem. 6). Plaintiff argues that this document should be given substantial weight because it states that Plaintiff has severe to moderately severe impairments in his ability to perform daily activities, to perform complex and varied tasks, and to perform work requiring contact with others. (*See* Pl.'s Mem. 7).

### IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.  Discussion

In light of the legal standards that apply in this case, the court rejects Plaintiff's arguments for remand and/or reversal. For the reasons outlined below, the court finds that the ALJ relied on substantial evidence and applied the proper legal standards.

**A.     The ALJ Properly Gave Substantial Weight to the Longitudinal Medical Record of Plaintiff's Treating Doctors.**

Plaintiff's first argument is that the ALJ failed to give substantial weight to his lengthy medical record with his treating doctors from whom he sought and received constant treatment for his mental impairment. Plaintiff argues that the ALJ supplanted substantive medical evidence with his own medical opinion. Plaintiff further asserts that his long medical record and attempts to seek treatment demonstrate the severity of his impairments and establishes his credibility. (*See* Pl.'s Mem. 6). Defendant asserts that Plaintiff failed to provide enough evidence to support his claims of disability, and substantial evidence supports the ALJ's decision that Plaintiff has no disability. Defendant also states that Plaintiff must be "mistaken" about the fact that the ALJ did not give

enough weight to the medical record and points to the areas of the ALJ's opinion where he discusses Dr. Archibald's records. (*See* Dft.'s Mem. 6).

Upon examination of the record, it is clear that the ALJ carefully considered Plaintiff's complete medical record prior to making his decision. The ALJ's opinion analyzes details and data from the medical record in support of his conclusions. Also, the ALJ specifically states that he "has given significant weight to the records of the claimant's treating medical sources," and determined that, "the objective medical evidence clearly outweighs any testimony that is not supported by, or consistent with, the medical treatment records." (Tr. 15).

Both Plaintiff and Defendant agree that an ALJ must give a treating source's opinion more weight because the doctor is more likely to be familiar with Plaintiff's medical background and impairments. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). But the ALJ must only give these conclusions such weight if they are supported by clinical or laboratory findings and when they are consistent with other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). In this case the vast majority of Plaintiff's medical records support the conclusion of the ALJ. The record shows that Plaintiff's HIV infection is stable and under control, and that Plaintiff denied any psychiatric problems during most sessions with Dr. Archibald, his psychiatrist. Dr. Archibald consistently reported that overall Plaintiff was in stable condition, without impaired cognitive ability, and with no depression, suicidal thoughts, or hallucinations. The record evidence shows that Plaintiff experienced periods of depression, anxiety, hallucinations, paranoia, and various other symptoms only sporadically. (Tr. 228-63, 408-36). Because the medical records of Dr. Archibald and Dr. Malone repeatedly show that Plaintiff was in stable condition, the ALJ's finding that

Plaintiff does not have any severe impairment that would keep him from working is supported by substantial evidence.

In addition to the assessment of the medical records above, Plaintiff relies on the assumption that a patient's continual requests for treatment and a longitudinal record of medical treatment establishes his credibility and demonstrates a severe impairment. (*See* Pl.'s Mem. 6). However correct as this assumption may be in some situations, this reasoning does not apply in Plaintiff's case because the medical record shows Plaintiff consistently denied depression, psychiatric issues, suicidal thoughts, and anxiety in the majority of his counseling sessions. Indeed, Plaintiff denied having any impairment at all in most of his sessions. (Tr. 228-63, 408-36). This evidence runs counter to any assumption that a patient's continual attendance of counseling sessions shows a severe impairment. Accordingly, this also supports the conclusion that there is substantial evidence to support the ALJ's decision that Plaintiff does not suffer from a severe impairment, and therefore does not have a disability.

**B.     The ALJ Did Have the Benefit of Reviewing the Opinion of Dr. Archibald, Even Though it Did Not Include the Residual Functional Capacity Evaluation Filled out by the Doctor after the Hearing.**

On July 18, 2006, Dr. Archibald, Plaintiff's leading psychiatrist completed a Residual Functional Capacity Evaluation of Plaintiff after the date of the hearing with the ALJ. Plaintiff then sent the evaluation to the Appeals Council. The evaluation asserted that Plaintiff has severe impairments in his estimated degree of restriction of daily activities, and to perform complex and varied tasks. (Tr. 548-49). The evaluation shows that Plaintiff's impairments are moderately severe for the categories pertaining to his ability to relate to other people, ability to perform work requiring frequent or minimal contact with others, and ability to perform simple or repetitive tasks. (Tr. 548-

49). Plaintiff argues that this report, combined with the longitudinal medical record, shows a severe impairment and qualifies Plaintiff for disability. (*See* Pl's Brief 7). Plaintiff argues further that since Dr. Archibald did not complete the evaluation until after his hearing, the ALJ did not have the benefit of reviewing it and therefore the record was not fully and fairly developed. (*See* Pl's Brief 7).

When reviewing Plaintiff's appeal, the Appeals Committee considered Dr. Archibald's evaluation. Even after reviewing this new evidence, the Committee decided that there was not a sufficient basis under its rules to review the ALJ's decision and that the ALJ had ruled correctly. (Tr. 4-6). In conducting its substantial evidence review, this court must only consider evidence that was presented to the ALJ at the hearing. The facts in *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) are almost identical to these in this case. There, in a case in which the Appeals Committee denied review, the court held that "we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge*, 150 F.3d at 1323. However, the court listed the exceptions as stated in 42 U.S.C. § 405(g) in order to remand a case when Plaintiff presents new evidence. In such an instance, there must be a showing that: (1) new non-cumulative evidence exists; (2) the new evidence is material, such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level. *Id.* at 1324. The burden is on Plaintiff to show that these elements exist. *Id.* The new evidence must "relate to" the period on or before the ALJ's decision. 20 C.F.R. § 404.970(b). This court's standard of review for determination of a remand action for new and material evidence is a *de novo* determination to be made by the court. *Caulder v. Bowen*, 791 F.2d 872, 875 (11th Cir. 1986).

Applying these legal principles here, this court concludes that it can only consider evidence that was available to the ALJ in the initial hearing.

Plaintiff has arguably satisfied his burden with respect to the first element. Plaintiff has pointed to new non-cumulative evidence. However, Plaintiff has not met the burden of the remaining two requirements for remand. That is, he has not shown that the new evidence is material and may change the administrative result, nor has he shown that there was good cause for not submitting the evidence at the appropriate level. The Appeals Committee reviewed the Residual Functional Capacity Evaluation of Plaintiff when deciding to review the ALJ's decision, and did not find the new evidence material. (Tr. 3-6). Plaintiff has given no evidence or statements to prove that the new evidence is material and likely to change the administrative decision of this case. Plaintiff has also failed to show good cause why he did not enter the new evidence before his hearing with the ALJ. Therefore, Plaintiff is not entitled to have the case remanded by this court for consideration of the new evidence. As there was substantial evidence to support the findings of the ALJ, this case is due to be affirmed.

### VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ___18th___ day of June, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE